# UNITED STATES DISTRICT COURT

District of _____ Idaho _____

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| --- | --- |
| V. | |
| | Case Number: 3:02-CR-00142-RCT |
| DAVID ROLAND HINKSON | 1:04-CR-00127-RCT |
| | USM Number: 08795-023 |
| | Curtis Smith, Steven Anderson |
| | Defendant's Attorney |

**THE DEFENDANT:**

X pleaded guilty to count(s)   17 and 26 of the Indictment in Case #3:02-CR-00142-RCT

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

X was found guilty on count(s)   1-3, 4-16, 31, 33-38, 40-42 of the Indictment in Case #3:02-CR-00142-RCT and counts
7, 8 and 9 of the Superseding Indictment in Case #1:04-CR-00127-RCT after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
| --- | --- | --- | --- |
| 26 § 7203 | Case #3:02-CR-00142-RCT. Willful Failure to File Tax Return | 4/17/2000 | 1-3 |
| 26 § 7202 | Case #3:02-CR-00142-RCT. Willful Failure to Collect Federal Taxes | 11/1/2000 | 4-16 |
| 21 § 331 (a) | Case #3:02-CR-00142-RCT. Misbranded Drug | 1/22/2002 | 17 |
| 21 § 331 (a) | Case #3:02-CR-00142-RCT. Adulterated Device | 4/04/2002 | 26 |
| 31 §§ 5324(a)(3) & (c)(2) & 18 § 2 | Case #3:02-CR-00142-RCT. Structuring Transactions to Avoid Reporting Requirements and Aiding and Abetting | 2/23/2001 | 31,33-38, 40-42 |
| 18 § 373 | Case #1:04-CR-00127-RCT. Solicitation to Commit a Crime of Violence | February 2003 | 7 |
| 18 § 373 | Case #1:04-CR-00127-RCT. Solicitation to Commit a Crime of Violence | February 2003 | 8 |
| 18 § 373 | Case #1:04-CR-00127-RCT. Solicitation to Commit a Crime of Violence | February 2003 | 9 |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to
the Sentencing Reform Act of 1984.

X The defendant has been found not guilty on count(s)   4,5,6,10 & #11of the Superseding Indictment in Case #1:04-CR-00142-RCT.
No verdict on counts 1,2 & #3 of the Indictment in Case #1:04-CR-00127-RCT.

X Count(s)   18,19,20,21,22,23,24,25,27,28,   ☐ is   X are  dismissed on the motion of the United States.
29,30,32,and 39 in Case #3:02-CR-00142-RCT and counts 1, 2 & 3 in Case #1:04-CR-00127-RCT.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence,
or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution,
the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 3, 2005
Date of Imposition of Judgment

_/s/ Richard C Tallman_
Signature of Judge

Richard C Tallman, United States Circuit Judge
Name and Title of Judge

June 3, 2005
Date

DEFENDANT: DAVID RONALD HINKSON
CASE NUMBER: 3:02-CR-00142-RCT
1:04-CR-00127-RCT

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 516 months. The total term in Case # 3:02-CR-00142-RCT consists of: terms of 12 months each on counts 1-3,17 & 26; terms of 60 months each on counts 4-16; and terms of 120 months each on counts 31,33-38,40-42. All such terms in Case # 3:02-CR-00142-RCT shall be served concurrently with each other but consecutive to the imprisonment imposed in Case #1:04-CR-00127-RCT. The total term in Case #1:04-CR-00127-RCT consists of terms of 120 months each on counts 7, 8 and 9, which shall run consecutively to one another and consecutively to the criminal Case #3:02-CR-00142-RCT. An additional 36 months shall run consecutively to counts 7,8 and 9 pursuant to 18 U.S.C. § 3147. The total imprisonment term of 396 months imposed in Case #1:04-CR-00127-RCT shall not begin to run until the Defendant has completed service of the total imprisonment term of 120 months imposed in Case #3:02-CR-00142-RCT.

X The court makes the following recommendations to the Bureau of Prisons:

That the defendant be credited with all time served, from the date of his arrest on April 4, 2003; and that the defendant be initially classified as a high risk inmate who refuses to comply with institutional security rules, who poses a continuing danger to witnesses and Federal officers, and who poses a risk of flight with access to money secreted in foreign bank accounts.
The defendant is to be placed in the maximum security facility at Florence, Colorado.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: DAVID RONALD HINKSON
CASE NUMBER: 3:02-CR-00142-RCT
1:04-CR-00127-RCT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : 3 years.

a term of 1 year supervised release on counts 1-3, 17 & 26 in Case #3:02-CR-00142-RCT. 3 years supervised release on counts 4-16, 31, 33-38, 40-42 in Case #3:02-CR-00142-RCT. All such terms of supervised release to be served concurrently with one another.
3 years supervised release on counts 7, 8 and 9 in Case #1:04-CR-00127-RCT. All such terms of supervised release to be served concurrently with one another and concurrently with the three year term of supervised release in Case #3:02-CR-00142-RCT.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [X] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [X] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

Because this judgment imposes a fine and restitution, it is a condition of supervised release that the defendant pay it in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: DAVID RONALD HINKSON
CASE NUMBER: 3:02-CR-00142-RCT
1:04-CR-00127-RCT

## SPECIAL CONDITIONS OF SUPERVISION

1) Defendant shall comply with the rules and regulations of the Probation Department.

2) Defendant shall not possess a firearm or other dangerous weapon.

3) Defendant shall provide the probation officer with access to any requested financial information.

4) Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

5) Defendant shall submit to a search of his person, place of residence, or automobile at the direction of the U.S. Probation Officer and submit to seizure of any contraband found therein.

6) The defendant shall cooperate with the IRS in paying his back taxes owed. Also, he shall file any and all tax returns required by law and maintain compliance with all applicable tax laws and provide the probation officer with verification of his compliance.

7) Defendant shall participate in mental health counseling as directed by the U.S. Probation Officer. The costs of such treatment shall be paid by both the defendant and government based upon the defendant's ability to pay for treatment.

8) Defendant shall pay the special assessment, fine and the restitution obligation that is imposed by this judgment and any monies that remain unpaid at the commencement of the term of supervised release shall be made payable to the Clerk of the U.S. District Court, 550 W. Fort Street, MSC 039, Boise, Idaho, 83724. The defendant shall complete all financial payments no later than September 6, 2005.

9) Defendant, his agents, managers, officers, and responsible persons operating defendant's sole proprietorship under the name WaterOz, shall cooperate with the Food and Drug Administration in maintaining and insuring compliance by WaterOz with all Food and Drug Act laws and regulations.

Special conditions of supervised release shall supersede any standard condition that is inconsistent with the special conditions.

Judgment — Page 5 of 6

DEFENDANT: DAVID RONALD HINKSON  
CASE NUMBER: 3:02-CR-00142-RCT  
1:04-CR-00127-RCT

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 2,725.00 | $ 100,000.00 | $ 720.00 |

Special assessment $2,425.00 is imposed on Case #3:02-CR-00142-RCT.

Special assessment $300.00, Fine $100,000.00, Restitution $720.00 is imposed on Case #1:04-CR-00127-RCT.

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

The Court defers to the Internal Revenue Service Civil Division the collection of all back taxes, interest, and penalties owed by the defendant and his sole proprietorship WaterOz. Accordingly, the Court declines to order restitution of such losses in these criminal proceedings because the amounts owed are substantial and it would complicate and unduly prolong the sentencing process to fashion such an order where an alternative civil collection mechanism is readily available to the IRS. 18 U.S.C. § 3663(a)(1)(B)(ii).

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| Steven Hines |  | $720.00 | 100% |

**TOTALS**    $ _____    $ 720.00

☐ Restitution amount ordered pursuant to plea agreement $ _____

X  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

DEFENDANT: DAVID RONALD HINKSON
CASE NUMBER: 3:02-CR-00142-RCT
1:04-CR-00127-RCT

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  X  Lump sum payment of $ __$100,000__ due immediately, balance due

      X  not later than __September 6, 2005__ , or
      ☐  in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  X  Special instructions regarding the payment of criminal monetary penalties:

$2,725.00 special assessment and $720.00 restitution are due immediately. Payments to be made to Clerk of the Court, District of Idaho, 550 W. Fort St., MSC 039, Boise, ID 83724. Clerk shall disburse restitution payments to the victim, IRS Special Agent Steven Hines.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

X  The defendant shall pay the cost of prosecution of $ 13,741.54, due on or before September 6, 2005.

☐  The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's interest in the following property to the United States:

$ 135,500.00 in U.S. currency as previously ordered by the Court on March 25, 2005, in Case Number 3:02-CR-00142-RCT.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.